IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHESVILLE DIVISION
CASE NO. 1:16-CV-00101-RLV

STACEY L. WHITTED,  )
 )
       Plaintiff,  )
 )
v.  )    **ORDER**
 )
NANCY A. BERRYHILL,  )
Acting Commissioner of Social Security,  )
 )
       Defendant.  )
 )
 )

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (the "Motion"). (Doc. 14). For the reasons that follow, Plaintiff's Motion (Doc. 14) is **GRANTED IN PART** and **DENIED IN PART**.

The EAJA allows fee reimbursement to a prevailing party only for "reasonable fees and expenses." 28 U.S.C. § 2412(b). Under the EAJA, "the district court must undertake the 'task of determining what fee is reasonable'" in light of the circumstances surrounding the particular case. *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). A district court is given "'substantial discretion in fixing the amount of an EAJA award'" and may grant applications for awards only if the request is reasonable. *Id.* at 254 (quoting *Jean*, 496 U.S. at 163). "The fee petitioner bears the burden of justifying a requested fee." *Meade v. Barnhart*, 218 F. Supp. 2d 811, 813 (W.D. Va. 2002) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

1

Plaintiff's Motion represents that the parties have agreed to a total of $5,000.00 in attorney's fees. (Doc. 14 at 2). Plaintiff's counsel asserts he spent 26 hours working at an hourly rate of $195.63.[1] The Court takes notice of its independent responsibility to review the hour log submitted by Plaintiff's counsel and determine whether the time spent on each itemized task and Plaintiff's counsel's hourly rate amount to a reasonable fee. *See* 28 U.S.C. § 2412(b), (d)(2)(A); 42 U.S.C. § 406(b); *see also Green v. Astrue*, 2012 WL 1232300, at *2 (E.D. Cal. Apr. 12, 2012) (magistrate judge's finding and recommendation independently reviewing fee request for reasonableness in social security proceeding and reducing fee request even though Commissioner did not oppose motion for fees) (adopted by *Green v. Astrue*, 2012 WL 1663868 (May 11, 2012)).

This Court determines the hourly rate requested is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A) (setting hourly rate at $125 but permitting court to increase hourly rate based on cost of living or other special factors). The same, however, cannot be said for all of the itemized hours' worked. In reviewing Plaintiff's counsel's itemized list of hours, this Court notes that Plaintiff's counsel is a highly experienced attorney in the field of social security who represents many social security claimants each year before this Court. This Court finds four entries in Plaintiff's counsel's time log unreasonable.

First, on April 20, 2016, Plaintiff's counsel lists 0.25 hours for "review court order." (Doc. 14-2 at 1). The order issued by this Court on April 20, 2016, was a one page, form order granting leave to proceed *in forma pauperis* and consisted of a single paragraph and four bullet points. (*See* Doc. 3). An attorney reasonably familiar with social security proceedings and who had already completed the *in forma pauperis* application in this matter, (*see* Doc. 14-2), would be able to read

---

[1] At a rate of $195.63, the number of hours allegedly worked would amount to a total fee of $5,080.00. This mathematical difference is ultimately insignificant, however, where the total fee based on the hours allegedly worked exceeds the requested fee of $5,000.00.

and ascertain this Court's April 20, 2016 order in a few minutes rather than the fifteen minutes listed by Plaintiff's counsel. *See Dyer v. Colvin*, 2014 WL 1271159, at *2 (D. Md. Mar. 25, 2014) ("It should not take an experienced attorney twelve to eighteen minutes to review [one-page form letters or orders], especially where . . . they are filed in nearly all of the numerous Social Security cases [the attorney] handles.") (magistrate judge's report and recommendation adopted by order on Apr. 4, 2014); *Green*, 2012 WL 1232300, at *3-4 (noting that review of routine court orders by attorneys familiar with social security appeals "require no more than two to three minutes per task" and reducing multiple entries of 0.1 hours for review of court orders). Accordingly, the Court reduces this entry from 0.25 hours to 0.05 hours.

Second, on July 5, 2016, Plaintiff's counsel lists 0.50 hours for "review scheduling order-set diary dates." *Id*. This Court's July 5, 2016, scheduling order was a text order containing two deadlines and totaling three sentences. *See* Text Order dated July 5, 2016. "Any competent counsel would be able to comprehend and notate the Court's scheduling order within a mere minute or two, rather than taking thirty minutes to do so." *Ashcraft v. Berryhill*, 2017 WL 2273155, at *6 (W.D.N.C. May 24, 2017) (Voorhees, J.); *see also Dyer*, 2014 WL 1271159, at *2; *Green*, 2012 WL 1232300, at *3-4. Accordingly, and for the reasons explained in *Ashcraft*, this entry will be reduced from 0.50 hours to 0.05 hours.

Third, on February 27, 2017, Plaintiff's counsel lists 0.25 hours for "review court order and judgment." (Doc. 14-2 at 1). This Court's February 27, 2017, order was a one paragraph, form order granting a consent motion that Plaintiff's counsel previously reviewed. (*See* Doc. 12; *see also* Doc. 14-2 (noting time for reviewing motion to remand)). The order, therefore, should not take fifteen minutes to review, and this Court reduces the entry from 0.25 hours to 0.05 hours. *See Dyer*, 2014 WL 1271159, at *2; *Green*, 2012 WL 1232300, at *3-4.

Fourth, on May 22, 2017, Plaintiff's counsel lists 1.5 hours for "draft/work on EAJA motion and memorandum." (Doc. 14-2). The documents prepared by counsel are recycled form documents common to fee applications by social security claimants and only required counsel to insert a few details specific to this matter. The Court reduces this entry from 1.50 hours to 1.0 hours, which the Court considers a generous amount of time.[2]

Considering the above reductions in time, Plaintiff's request of 26.0 hours is reduced by 1.35 hours. Accordingly, the Court concludes that only 24.65 hours are reasonable for purposes of recovery under the EAJA. At the approved rate of $195.63 per hour, Plaintiff's compensable attorney fee comes to $4,822.28.[3]

Pursuant to the United States Supreme Court's ruling in *Astrue v. Ratliff*, 560 U.S. 586 (2010), attorney's fees are payable to Plaintiff as the prevailing party, subject to offset through the Treasury Department's Offset Program to satisfy any pre-existing debt Plaintiff might owe to the federal government. Following the entry of this order, if the Commissioner determines Plaintiff owes no debt to the federal government which must offset, the Commissioner may honor Plaintiff's April 2016 signed assignment of EAJA fees, thus permitting payment of such EAJA fees to Plaintiff's counsel, rather than to the Plaintiff herself. (Doc. 14-1). However, if Plaintiff is found to owe any offsetting debt to the federal government, the Commissioner shall pay any remaining attorney's fees to Plaintiff's counsel in accordance with the above agreement.

---

[2] Although this Court is of the opinion that an EAJA fee application of this nature can be completed in less than one hour, this Court cannot conclude with certainty that 1.0 hours to complete the fee application is unreasonable.

[3] The Court suggests that counsel for the Commissioner, rather than seemingly agreeing to total amount that the Commissioner deems reasonable, more carefully review the hour logs of opposing counsel before consenting to motions for attorney fees under the EAJA.

**IT IS, THEREFORE, ORDERED THAT**

(1) Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (Doc. 14) is **GRANTED IN PART** and **DENIED IN PART**;

(2) The Commissioner shall pay to Plaintiff her reasonable attorney's fees in the amount of $4,822.28, subject to any offsets.

Signed: June 26, 2017

Richard L. Voorhees
United States District Judge